IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA SWEET-REDDY, | No. C06-06667 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER** |
| v. | |
| THE VONS COMPANIES INC., | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant The Vons Companies, Inc.'s ("Defendant" or "Vons") Motion to Transfer Venue to the District of Nevada – Las Vegas pursuant to 28 U.S.C. § 1404(a).[1] Plaintiff Rita Sweet-Reddy ("Plaintiff") failed to file a timely opposition to the motion. On March 14, 2007, this Court issued an Order to Show Cause why Plaintiff had failed to file an opposition or a statement of non-opposition, and further ordered Plaintiff to file her opposition, if any, by March 16, 2007. Plaintiff failed to respond to the Court's Order to Show Cause. For the following reasons, the Court **GRANTS** Defendant's Motion to Transfer.

## FACTUAL BACKGROUND

In this action, Plaintiff alleges three employment-related claims against Defendant for: (1) wrongful discharge in violation of public policy; (2) breach of implied contract of continued employment; and (3) breach of the implied covenant of good faith and fair dealing. (Complaint

---

[1] Docket No. 10.

("Compl.") at ¶¶ 1-27.) Plaintiff claims she was employed by Defendant at its Las Vegas grocery store beginning in December 1970. (*Id.* at ¶ 3.) According to Plaintiff, she "was and now is an individual, residing in the State of Nevada." (*Id.* at ¶ 1.) Plaintiff erroneously alleges that Defendant's principal office for doing business is located in the County of Alameda. (*Id.*)[2]

Defendant now moves for a transfer of this action to Las Vegas on grounds that Nevada is a more appropriate venue because: Plaintiff's immediate supervisor works and resides in Las Vegas; since at least August 1982, Plaintiff worked solely in Las Vegas; Plaintiff's employment never involved working in Northern California; Plaintiff was not supervised by anyone in Northern California; Plaintiff alleges that she filed her disability discrimination claim with the "State of Nevada Department of Employment, Training and Rehabilitation, Equal Rights Commission"; and Plaintiff alleges that Defendant "terminated her employment in retaliation for her filing such a claim with the State of Nevada." (McHugh Decl. ¶¶ 4-5) (citing Compl. at ¶¶ 7, 9.)

## LEGAL STANDARD

Defendant's motion to transfer venue to the District of Nevada is governed by 28 U.S.C. section 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion under section 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer. *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Under section 1404(a), the moving party has the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. *See Decker Coal Co.*, 805 F.2d at 843; *Piper Aircraft Co.*, 454 U.S. at 255-56.

A motion for transfer pursuant to section 1404(a) lies within the discretion of the Court.

---

[2] Defendant's principal place of business is in Arcadia, California. (Declaration of Michael J. McHugh ("McHugh Decl.") at ¶ 6.) Defendant has no office for doing business located in the County of Alameda. (*Id.* at ¶ 7.)

*Jones*, 211 F.3d at 498.  The decision whether to grant such a motion turns on the facts of the particular case. *See id*.  In reviewing a motion to transfer, the Court may consider the following factors to determine whether transfer is appropriate: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) that the relevant public policy of the forum state, if any. *See id*. at 498-99.

## ANALYSIS

The Court finds Defendant's motion to transfer venue to the District of Nevada to be well-taken. As more fully analyzed below, this action could have been brought in the District of Nevada and each of the applicable convenience factors weighs in favor of transfer. Moreover, the Court notes that Plaintiff has failed to respond to Defendant's proffered reasons for transfer.

### I.   Availability of Nevada as an Alternate Forum

Section 1404(a) only authorizes transfer of an action "to another district or division where it might have been brought." 28 U.S.C. 1404(a). Here, because Plaintiff may have properly filed this lawsuit in Nevada, this initial requirement is met.

### II.  Convenience Factors

#### A.   Plaintiff's Choice of Forum

Defendant argues that the Court should not afford deference to Plaintiff's choice of forum in this case because: (1) Plaintiff is not a resident of California; and (2) the Northern District of California lacks any contact with the activities alleged in the Complaint.

A plaintiff's choice of forum is accorded substantial weight in proceedings under § 1404(a). Hon. William W. Schwarzer, *et al.*, *California Practice Guide: Federal Civil Procedure Before Trial*, § 4:760 (2007). However, this rule is "substantially attenuated" where the plaintiff has commenced the action in a forum that is not his or her residence. *Id*. at § 4:761 (citations omitted).

3

1  In such cases, the plaintiff's choice of forum is given much less weight in ruling on a discretionary
2  transfer motion. *Id*. (citing *New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa
3  1981); *Bryant v. ITT Corp*., 48 F. Supp. 2d 829, 832 (ND IL 1999)).  Additionally, if the plaintiff's
4  forum lacks any significant contact with the activities alleged in the complaint, the plaintiff's choice
5  of forum will be given considerably less weight. *Id*. at § 4:763 (citing *Chrysler Capital Corp. v.
6  Woehling*, 663 F. Supp. 478, 482 (D. Del. 1987); *see also Hernandez v. Graebel Van Lines*, 761 F.
7  Supp. 983, 990 (E.D.N.Y. 1991); *Schmidt v. American Institute of Physics*, 322 F. Supp. 2d 28, 33
8  (D D.C. 2004)).

9  In this case, because Plaintiff alleges that she "was and now is an individual, residing in the
10 State of Nevada" and has "at all times," the Court finds that Plaintiff's choice of forum should
11 receive less deference.  Moreover, the Complaint reveals that none of the events supporting
12 Plaintiff's claims occurred in Northern California.  Rather, Plaintiff alleges that she filed her
13 discrimination complaints, which she alleges were the basis for Defendant's retaliation, with the
14 State of Nevada.  For this additional reason the Court accords even less weight to Plaintiff's choice
15 of forum.

16 **B.      Access to Sources of Proof and the Availability of Compulsory Process to
17           Compel Attendance of Unwilling Non-party Witnesses**

18 Defendant argues that because the evidence is located in Las Vegas, rather than San
19 Francisco, the District of Nevada is a more convenient venue.  In support of its argument, Defendant
20 points out that its principal office for doing business is closer to Las Vegas than San Francisco.
21 Defendant also explains that all of the witnesses and evidence are located in Las Vegas.  Regarding
22 the potential witnesses, Defendant asserts that a Las Vegas venue will be more convenient for the
23 participation of willing witnesses, and easier for the parties to compel the participation of any
24 unwilling non-party witnesses.  Regarding documentary evidence, Defendant explains that such
25 evidence is located in either Las Vegas or Arcadia, but in no event is any of the evidence located in
26 Northern California.  Additionally, because Plaintiff is also a resident of Las Vegas, Defendant
27 contends that Las Vegas is a more convenient venue for Plaintiff as well.  For these same reasons,
28 the Court agrees with Defendant and concludes that these factors weigh in favor of transferring this

4

action to the District of Nevada.

### C.     State Most Familiar with Governing Law

Next, the Court must examine whether California, Nevada, or federal law governs Plaintiff's claims. As detailed above, Plaintiff has asserted employment-related claims for: (1) wrongful discharge in violation of public policy; (2) breach of implied contract of continued employment; and (3) breach of the implied covenant of good faith and fair dealing, each of which arise under state law. Because Plaintiff alleges that each of the facts supporting her claim occurred in Las Vegas, the Court concludes that Nevada law will apply. Accordingly, this factor also supports transfer to the District of Nevada.

### D.     Relevant Public Policy of the Forum State

Lastly, the Court notes that because Plaintiff alleges that the underlying employment relationship occurred solely in Las Vegas, the State of Nevada has a greater interest in the resolution of Plaintiff's claims.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Transfer and **VACATES** the hearing set for March 27, 2007.

**IT IS SO ORDERED.**

Dated: March 20, 2007

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

5